IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MARCUS TREVINO COX, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:12-0185 |
| | ) Chief Judge Haynes |
| TIMOTHY J. MILLER, and | ) |
| WEAKLEY E. BERNARD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Marcus Trevino Cox, Jr., filed this *pro se* civil rights action under 42 U.S.C. § 1983 against the Defendants Weakley E. Bernard, Assistant District Attorney for the Seventeenth Judicial District of Tennessee, and Timothy J. Miller, a lieutenant with the Bedford County Sheriff's Department and a member of the Seventeenth Judicial District Drug and Violent Crime Task Force ("Drug Task Force").

According to his complaint, Plaintiff a pretrial detainee, is housed at the Marshall County Jail in Lewisburg, Tennessee. Plaintiff alleges that on June 26, 2012, agents with the Drug Task Force executed a drug search warrant at Plaintiff's mother's residence in Lewisburg, Tennessee. Plaintiff alleges that he does not reside at his mother's house nor receive mail there and was not present when agents conducted the search of the residence. During the execution of the warrant, drugs, drug paraphernalia, and a handgun were found. Plaintiff alleges that, in gaining entry, the police officers tore up the house and scared his younger brother. At some point, Defendant Miller allegedly told Plaintiff's mother: "We are going to railroad your son for driving a car to a

homicide." (Docket Entry No. 1, at 7). Plaintiff denies any knowledge of any homicide.

On August 31, 2012, Plaintiff was arrested on different charges and transported to the Marshall County Sheriff's Office's interview room. After approximately twenty minutes, Defendant Eddie Bernard[1] and Bob Johnson, a detective with the Marshall County Sheriff's Department entered and commenced questioning Plaintiff about his age, whether he had a high school diploma, and whether he used drugs. Bernard and Johnson notified Plaintiff that he was under arrest and read him his *Miranda* rights. Plaintiff told them he did not want to talk without a lawyer present. Defendant Bernard allegedly stated that he would not get angry or try to force Plaintiff to talk without a lawyer, but also told Plaintiff to "make sure [he] told [his] lawyer to not ask for no deals because [Plaintiff] wouldn't talk to him [Bernard]." (Docket Entry No. 1, at 9). Thereafter, Plaintiff was then booked on the charges.

Plaintiff called his mother, who told Plaintiff that Defendant Bernard and Bob Johnson had just left her house. Bernard allegedly told Plaintiff's mother to "get [her] son to talk." (Docket Entry No. 1, at 5). Plaintiff's mother allegedly responded that she could not do that. Bernard allegedly told Plaintiff's mother that he thought Plaintiff knew something about a murder.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a civil complaint or any portion of a *pro se* prisoner complaint filed *in forma pauperis* when the complaint: (1) fails to state a claim for which relief can be granted, (2) is frivolous, or (3) seeks relief from a defendant who is immune from such relief. Section 1915A(a) similarly requires initial review of any "complaint in

---

[1] Plaintiff does not make this connection clear, but the Court presumes from the context that Defendant "Weakley E. Bernard" and "Eddie Bernard" are the same person.

a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, in order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but basic pleading.

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, Section 1983 is an appropriate remedy for a state prisoner challenging a *condition* of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the *validity* of his continued confinement. *Heck v. Humphrey*,

-3-

512 U.S. 477, 486–87 (1994). Here, Plaintiff seeks dismissal of his state criminal charges that clearly impacts the validity of his continued confinement. Such claims are barred by *Heck* and must be dismissed. Plaintiff's remedy lies in the state criminal proceedings against him.

For the reasons stated herein, the Court concludes that the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

An appropriate Order is filed herewith.

ENTERED this the 10th day of January, 2013.

William J. Haynes, Jr.
Chief United States District Judge